OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, on the law, the motion by defendant Riverhead Park Corp. to dismiss the superseding accusatory instruments is denied, the superseding accusatory instruments are reinstated, and the matter is remitted to the Justice Court of the Town of Southampton for all further proceedings.
The corporate defendant, Riverhead Park Corp., after filing a petition in bankruptcy wherein the People’s claim against it was listed, moved to dismiss the pending superseding accusatory instruments charging it with various violations of the Code of the Town of Riverhead on the ground that the People had failed to file a proof of claim in the bankruptcy proceeding. An order of the Bankruptcy Court (Robert E. Grossman, J.), dated April 15, 2010, provided that proofs of claims were required to be filed on or before June 1, 2010. That order further provided, among other things, that “pursuant to Bankruptcy Rule 3003 (c) (2), a holder of a claim that fails to comply with this order by timely filing a proof of claim . . . shall not be treated as a cred *3 itor with respect to that claim for the purposes of voting and distribution.” The People concede that they did not file a proof of claim in the bankruptcy proceeding. By order dated April 1, 2012, the Justice Court, among other things, granted the corporate defendant’s motion to dismiss the superseding accusatory instruments on the ground that the People were barred from prosecuting the corporate defendant because they had failed to file a proof of claim in the bankruptcy proceeding.
Pursuant to 11 USC § 523 (a) (7), a fine or penalty payable to, and for the benefit of, a governmental unit, which is not compensation for an actual pecuniary loss, is a nondischargeable debt. On its face, 11 USC § 523 (a) (7) “creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures” (Kelly v Robinson, 479 US 36, 51 [1986]). Here, the potential sentences which may be imposed against defendant, should it ultimately be found guilty of any of the charges, are fines which are criminal rather than civil in nature (see generally United States v Leahy, 438 F3d 328, 335 [2006]). The Bankruptcy Court’s order, which was based on the provisions of Federal Rules of Bankruptcy Procedure rule 3003 (c) limiting the rights of creditors failing to file a proof of claim from participating in voting and distribution, has no effect on these criminal actions. Similarly, the automatic stay that defendant obtained in the bankruptcy proceeding does not preclude the People from prosecuting these criminal actions against the corporate defendant (see 11 USC § 362 [b] [1]). Thus, the People are not barred from prosecuting the corporate defendant on the various violations of the Code of the Town of Riverhead (see In re Grynberg, 986 F2d 367 [1993]), and it was error for the Justice Court to dismiss the superseding accusatory instruments.
Accordingly, the order, insofar as appealed from, is reversed, the motion by defendant Riverhead Park Corp. to dismiss the superseding accusatory instruments is denied, the superseding accusatory instruments are reinstated, and the matter is remitted to the Justice Court of the Town of Southampton for all further proceedings.
Maraño, J.P, Nicolai and LaSalle, JJ., concur.